OPINION
After Robert Ransby was found guilty of and sentenced for felonious assault upon a police officer, counsel was appointed to prosecute Ransby's appeal. Counsel filed an Anders brief and thereafter, Ransby filed a pro se brief containing three assignments of error, the second of which stated:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT GIVING AND/OR REPEATING ALL RELEVANT JURY INSTRUCTIONS AT THE CONCLUSION OF COUNSELS['] ARGUMENTS.
Although we affirmed Ransby's conviction, one judge dissented from the overruling of the second assignment and stated he would reverse for a new trial. State v. Ransby (July 17, 1998), Montgomery App. No. 16138, unreported.
Because the court divided on the second assignment, we sustained Ransby's motion for reconsideration and appointed counsel to brief the second assignment. Decision and Entry of September 21, 1998.
Counsel for the parties have rebriefed the second assignment of error. We agree with the State that the issue presented by the second assignment has not been preserved for appellate review by an appropriate motion after closing arguments that the court reinstruct the jury or by an objection to its not doing so. Accordingly, we need only grant appellate relief if the result clearly would have been an acquittal had the jury been reinstructed. That cannot be said in this case. The instruction at issue concerned the elements of felonious assault. There is no contention that the jury was not properly instructed orally by the trial court as to the elements of this offense prior to hearing closing arguments, or that the written instructions given to the jury following arguments did not contain correct instructions as to the elements of felonious assault. Furthermore, from our review of the complete rebuttal argument of the prosecutor, we think it highly unlikely that the jury was misled as to the elements of felonious assault by that argument. Given the correct instructions on the elements of felonious assault delivered orally before argument and in written form after argument, we are confident that no error prejudicial to Ransby occurred, much less plain error. Accordingly, we overrule the second assignment of error, and we will reaffirm the judgment of conviction.
BROGAN, J. and KERNS, J., concur.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to: Lynda K. Ashbery, Daniel E. Brinkman, Hon. Dennis J. Langer